UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

ERICK PIZARRO,

                    Defendant.

**DECISION AND ORDER**

15-CR-172V

## I.  INTRODUCTION

On January 18, 2016, defendant Erick Pizarro ("Pizarro") filed omnibus, non-dispositive pretrial motions.  (Dkt. No. 21.)  Pizarro's motions included a motion for reconsideration of detention.  Pizarro seeks reconsideration of detention on the basis that "[d]uring the initial appearance (Dkt. 5), subsequent detention hearing (Dkt. 7), and arraignment (Dkt. 13), the government consistently represented that there was an active investigation into a homicide that may be related to the alleged controlled substances recovered in the instant case.  To date, no additional charges have been filed against the defendant. Those representations by the government were undoubtedly considered by the defendant when not opposing detention, but reserving his right to move for bail in the future, and by the Court when detaining the defendant."  (Dkt. No. 21 at 16.) The Government filed opposition papers for all of Pizarro's motions, including the motion for reconsideration of detention.  (Dkt. No. 26.)  The Government opposes reconsideration on the basis that the lack of formal homicide charges neither

implies the absence of an ongoing investigation nor offsets other reasons to keep Pizarro detained.

At oral argument on March 9, 2016, the parties agreed to defer addressing Pizarro's substantive motions because the possibility of an early plea resolution has become likely.  The Court rescheduled oral argument for the substantive motions for April 19, 2016.  Oral argument then proceeded for Pizarro's motion for reconsideration of detention.  After hearing from the parties, and after considering the motion papers and the rest of the docket generally, the Court denies Pizarro's motion for the reasons below.

## II.  BACKGROUND

This case concerns allegations that Pizarro sold heroin from his house and possessed a firearm despite a prior felony record.  The case began with a pre-indictment complaint filed on July 2, 2015.  (Dkt. No. 1.)  According to the complaint, local police executed a search warrant for Pizarro's house on June 9, 2015.  While executing the warrant, police officers found a quantity of heroin, related drug paraphernalia and a 9 mm pistol.  The complaint continued with an explanation that Pizarro received his *Miranda* rights, agreed to talk to law enforcement officials, and provided statements.  The statements were inculpatory and stated, in effect, that Pizarro sold drugs to support his family and possessed the pistol for protection.  Pizarro transferred to federal custody from local custody on August 19, 2015.

2

The Court held an initial appearance on August 20, 2015.  During the initial appearance, the Court advised Pizarro of his rights and instructed him to limit his answers during questioning to determine eligibility for assigned counsel.  Despite the Court's instructions, Pizarro stated on the record that he sold drugs as a source of income.  A few days later, on August 25, 2015, the Court held a detention hearing for Pizarro.  Pizarro decided not to contest the Government's oral motion for detention but reserved his right to seek a full detention hearing at a later time.  Relying heavily on Pizarro's in-court statement at the initial appearance and the information in the pretrial services report, the Court ordered Pizarro detained as both a flight risk and a danger to the community.

The Government filed the indictment in this case on September 17, 2015. (Dkt. No. 11.)  The indictment contains four counts and a forfeiture notice.  In Count One, the Government accused Pizarro of possession with intent to distribute heroin and distribution of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  In Count Two, the Government accused Pizarro of using his home as a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1).  In Count Three, the Government accused Pizarro of possessing the pistol in furtherance of drug trafficking crimes, in violation of 18 U.S.C. § 924(c)(1)(A)(i). In Count Four, the Government accused Pizarro of possessing the pistol despite a prior felony criminal record, in violation of 18 U.S.C. §§ 922(g)(1) and

3

924(a)(2).  The forfeiture notice pertained to the pistol.  The Court arraigned

Pizarro on all counts on September 24, 2015.

As noted above, Pizarro filed his motion for reconsideration of detention on

January 18, 2016, as part of his omnibus pretrial motions.  Pizarro argues that

the initial order of detention rested on comments from the Government

concerning possible homicide charges.  The parties elaborated at oral argument

that the issue of homicide stemmed from the death of one of Pizarro's

purchasers; there appears to be some indication from law enforcement that

Pizarro sold a quantity of heroin laced with other substances that brought about

the purchaser's death.  No homicide charges have followed, however, and

Pizarro urges the Court to revisit detention as a result.  The Government

responds that it has never declared an end to the ongoing investigation.  The

Government asserts that the lack of homicide charges so far does not

necessarily mean that homicide charges will never come.

## III. DISCUSSION

As a preliminary matter, the Court will clarify the standard that it will use

when assessing Pizarro's motion.  The Court ordered Pizarro detained without

commenting on whether it was making the ruling with or without prejudice.  At the

same time, the Court allowed Pizarro to waive his right to an immediate detention

hearing and to reserve the right to pursue a full hearing later.  For the sake of

fairness and to give Pizarro one opportunity to receive a full written explanation

4

of the Court's reasoning, the Court will proceed as if the prior detention ruling had occurred without prejudice.  Pizarro thus will not have to prove that circumstances have changed since the last order of detention.

"The Eighth Amendment to the Constitution states that '[e]xcessive bail shall not be required.'  U.S. Const. amend. VIII.  Consistent with this prohibition, 18 U.S.C. § 3142(b) requires a court to order the pre-trial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'"  *U.S. v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007).  Statutory factors to be considered when assessing non-appearance or danger include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release.  *See* 18 U.S.C. § 3142(g).

With respect to non-appearance, "the government carries a dual burden in seeking pre-trial detention.  First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight.  Assuming it satisfies this burden, the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in

court." *Sabhnani*, 493 F.3d at 75 (citations omitted). "To order detention [based on danger], the district court must find, after a hearing, that the government has established the defendant's dangerousness by clear and convincing evidence. The rules of evidence do not apply in a detention hearing. Further, the government may proceed by proffer." *U.S. v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (citations omitted). So long as courts take some measure to assess the reliability and accuracy of prosecutors' information, "a detention hearing is not to serve as a mini-trial . . . or as a discovery tool for the defendant." *U.S. v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986) (citation omitted); *see also U.S. v. LaFontaine*, 210 F.3d 125, 130–31 (2d Cir. 2000) ("It is well established in this circuit that proffers are permissible both in the bail determination and bail revocation contexts.") (citations omitted).

Here, the circumstances that the Court reviewed once before remain in place and continue to weigh in favor of detention. Pizarro faces serious charges of drug trafficking and unlawful firearm possession over an indeterminate length of time. Although Pizarro's legal presumption of innocence remains fully intact, the Court cannot ignore that Pizarro volunteered to make knowing and inculpatory statements on the record about his drug activity. *Cf. U.S. v. Quinones*, No. 13-CR-83S, 2014 WL 5107483, at *3 (W.D.N.Y. Oct. 10, 2014) (Scott, *M.J.*) ("Without infringing on the presumption of innocence, Quinones has admitted in his own motion papers that, at a minimum, the Government has

6

statements that it claims that he made and that it claims are inculpatory."), citing

*U.S. v. Moorer*, 783 F. Supp. 2d 154, 159 (D.D.C. 2011) ("The Government has

strong evidence against Bowman based on the controlled purchases of cocaine

in 2010, his pattern of arranging meetings with potential customers, and his own

inculpatory statements.").  The pretrial services report also contributes significant

information that the Court cannot overlook.  Pizarro has a substance abuse

history that includes heroin use in the months prior to his incarceration.  *See* 18

U.S.C. § 3142(g)(3)(A) (listing "history relating to drug or alcohol abuse" among

factors to consider); *U.S. v. Quartermaine*, 913 F.2d 910, 917 (11th Cir.1990)

("The [Bail Reform] Act [of 1984] specifically provides, however, for consideration

of the accused's 'history relating to drug or alcohol abuse.'") (citing 18 U.S.C.

§ 3142(g)(3)(A)).  Pizarro has a violent felony conviction from 2003, a guilty plea

to Attempted Robbery in the Second Degree.  A domestic violence incident from

2010 generated several bench warrants and has an unspecified disposition, at

least according to the pretrial services report.  Regardless of the final disposition,

the domestic violence incident generated a number of temporary and long-term

protection orders, with the most recent protection order lasting until early June

2016.  The pretrial services report also lists a misdemeanor conviction for

controlled substance possession from 2012.  Together, the bench warrants,

convictions, and protection orders indicate that Pizarro is capable of harming

others when released and that he has trouble making court appearances when

7

directed.  *Cf. U.S. v. Barnett*, No. 5:03-CR-243, 2003 WL 22143710, at *12

(N.D.N.Y. Sept. 17, 2003) ("Every sentence of probation or parole requires a

defendant to meet judicially imposed conditions, and violations of either are

further evidence of a defendant's inability to comply with judicial mandates and

supervision.  Evidence of new criminal behavior while other charges are pending

inevitably leads to the conclusion that a defendant places his own self-interests

above that of the community.  In turn, the community has a right to expect courts

to protect it."); *see also U.S. v. Griffin*, No. CR09-3018, 2009 WL 1220262, at *3

(N.D. Iowa May 4, 2009) ("While Defendant has long ties to the northeast Iowa

area, he is currently unemployed.  Defendant has an extensive prior criminal

record, both as a juvenile and as an adult.  Importantly, Defendant has

consistently shown that he is unable or unwilling to comply with conditions of

release."); *U.S.  v. Roman-Monroy*, 608 F. Supp. 2d 86, 88 (D.D.C. 2009)

(ordering detention in part because of a bail jumping conviction); *accord U.S. v.

Purdue*, No. 14-MJ-2066, 2014 WL 3846067, at *3  (W.D.N.Y. Aug. 4, 2014)

(Scott, *M.J.*).  Under these circumstances, the Court is content to let its order of

detention stand.

The issue of homicide charges deserves a brief comment.  When Pizarro

claimed in his motion that the possibility of homicide charges influenced previous

detention proceedings, the Court went back to examine the record as it stood in

August 2015.  The pre-indictment complaint made no mention of any drug-

related homicide.  The Court also reviewed the audio recordings of the initial

appearance and detention hearing from August 2015.  No mention of homicide

investigations or possible homicide charges occurred at those proceedings.  The

audio corroborated the Court's recollection that any ongoing homicide

investigation played no role in its prior order of detention.  Then as now, Pizarro's

federal charges, his substance abuse history, and his criminal history are the

primary factors that warrant detention.  By treating the prior order of detention as

if it occurred without prejudice, the Court has addressed Pizarro's concern about

his decision to waive a detention hearing in August 2015.  This clarification thus

should allay Pizarro's concerns that he might have been harmed by an

unspecified investigation that may or may not be occurring in the background.

## IV. CONCLUSION

For all of the foregoing reasons, the Court denies Pizarro's motion for

reconsideration of detention.  (Dkt. No. 21.)

Pizarro will remain committed to the custody of the Attorney General for

confinement in a corrections facility separate, to the extent practicable, from

persons awaiting or serving sentences or being held in custody pending appeal.

Despite the Court's order of detention, and pursuant to 18 U.S.C.

§ 3142(i)(3), the Attorney General must afford Pizarro reasonable opportunity for

private consultation with counsel.  *See also U.S. v. Rodriguez*  ("Rodriguez I"),

No. 12-CR-83S, 2014 WL 4094561 (W.D.N.Y. Aug. 18, 2014) (Scott, *M.J.*).

9

Additionally, on order of the Court or on request of an attorney for the

Government, the person in charge of the corrections facility in which Pizarro is

confined must deliver him to a United States Marshal for the purpose of an

appearance in connection with a court proceeding in this case.   *See also U.S. v.*

*Rodriguez* ("Rodriguez II"), No. 12-CR-83S, 2015 WL 1120157, at *7 (W.D.N.Y.

Mar. 12, 2015) (Scott, *M.J.*) (interpreting 18 U.S.C. § 3142(i)(4) to allow

transports to prepare for an oral argument or hearing).

    In accordance with 18 U.S.C. § 3142(j), nothing in this Decision and Order

will be construed as modifying or limiting the presumption of innocence.


    SO ORDERED.

                                    /s/ Hugh B. Scott
                                    HONORABLE HUGH B. SCOTT
                                    UNITED STATES MAGISTRATE JUDGE
DATED: March 10, 2016